UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DON CORBIN ROYAL, JR.,

        Petitioner,

-vs-                                            Case No.  8:03-CV-1423-T-17TBM

JAMES V. CROSBY, JR.,
        Respondent.
_____/

## **ORDER**

Before this Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Don Corbin Royal, Jr. (Royal), a Florida prisoner.  The petition attacks Royal's revocation of probation in Case No. 99-16544 in the Thirteenth Judicial Circuit, Hillsborough County, Florida.

### BACKGROUND

On October 7, 1999, Royal was charged by Information with two counts of burglary of a dwelling, one count of domestic violence battery, and one count of criminal mischief. (R 8-12).[1]  The second count of burglary of a dwelling was nolle prossed. (R 18). On

---

[1] Respondent filed the record on direct appeal in 2DCA Case No. 2D00-4313 as Respondent's Exhibit 10.  Citations are designated by the letter "R" followed by the page number(s).

December 13, 1999, Petitioner pled guilty to the remaining charges. (R 14-5). Royal was placed on probation for three years for the count of burglary with a dwelling, and concurrent terms of probation of one year for the counts of domestic violence battery and criminal mischief. (R 18-24).

On April 21, 2000, an Affidavit of Violation fo Probation was filed alleging that Royal had violated condition five of his probation by being arrested for delivering rock cocaine within 1000 feet of a church, delivery of rock cocaine, and for possession of cocaine. (R 25). The Honorable Rex Martin Barbas, Circuit Judge, held a revocation hearing on August 28, 2000. (R 55-90). At the hearing, the following facts were stipulated to by both parties:

Officer Marvin Turner approached Royal and asked him for a "twenty." Royal asked the officer, "Who do you know?" Officer Turner answered, "Nobody." Royal then told the officer to pull around the block. Before Officer Turner drove around, he observed Royal and a co-defendant, Mr. Mathews, together. When he came back around the block, he only saw Mr. Mathews who walked over to Officer Turner and handed the officer a piece of rock cocaine. (R 60, 64-65). Officer Turner gave Mr. Mathews a marked twenty dollar bill. (R 60-61). Officer Turner drove off and gave a description of Mr. Mathews. When Mr. Mathews was stopped, the marked twenty dollar bill was found on his person. (R 61).

When Royal was stopped, the officers used a swab to wipe residue from Royal's hand. The residue tested positive for cocaine. (R 61-62). In a post-<u>Miranda</u> statement, Royal stated there was a piece of rock cocaine on a wooden fence post where he was standing. (R 83). The officers later found a piece of cocaine on a wooden post. The sale took place within 1000 feet of Riverside Church, and the area where this incident took place

is known drug area. (R 62). Defense counsel also stipulated the Royal was on probation, and to the conditions of his probation. (R 75).

Royal testified that he was going to a house near where Mr. Mathews was standing, and denied he was with Mr. Mathews on the day of the incident. (R 78) . He denied that he had cocaine on his hands. (R 81). Defense counsel argued that the evidence was insufficient to show that Royal was in possession of cocaine since there was no evidence that he had physical possession of the rock cocaine, and the amount of residue that was found on his hands after his hands were wiped with a swab could have come from the cocaine on top of the wooden post when Royal rested his hand there. The state trial court found there was sufficient evidence that Royal had possessed cocaine, and that he had violated his probation.

On September 6, 2000, the trial court revoked Royal's probation and sentenced him to eight years in prison for burglary of a dwelling, one year in jail for domestic violence battery, and 364 days in jail for criminal mischief (R 112). The three sentences run concurrently, with credit for time served. (R 36-45, 112).

Royal directly appealed the order revoking his probation. The Assistant Public Defender appointed to represent Royal on appeal filed an initial brief (Exhibit 1) raising the following issue: THE TRIAL COURT ERRED IN REVOKING MR. ROYAL'S PROBATION.

The State later filed its answer brief (Exhibit 2). On January 25, 2001, in Case No. 2D00-4313, the state district court of appeal per curiam affirmed the order of revocation. (Exhibit 3).   Royal v. State, 810 So.2d 945 (Fla. 2d DCA 2001)[Table].

On March 22, 2001, while the direct appeal was pending, Royal's appellate counsel filed a Motion to Correct Sentence pursuant to Fla.R.Crim.P.3.800(b)(2) . That same date, counsel filed a Notice of Pending Motion to Correct Sentence in the state district court of appeal. (Exhibit 5).  Clearly, the state trial court denied the motion to correct sentence, but a copy of the order does not appear in the record filed by Respondent.

On March 20, 2002, Royal filed an "Emergency Motion for Postconviction Relief" pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure.  (Exhibit 6).  Royal raised two grounds in that motion: (1) counsel was ineffective for failure to challenge the reliability of Valtox test performed on swab of defendant's hand identifying positive results;(2)counsel was ineffective for failing to challenge the fact that arresting officers exceeded the permissible scope of a legal stop and frisk. The state trial court summarily denied the motion on May 7, 2002. (Exhibit 7). Applying the two-prong test established in Strickland v. Washington, 466 U.S. 668 (1984), the state court made the following findings of fact and conclusions of law:

> In ground 1, Defendant alleges that trial counsel was ineffective for [not] challenging the Valtox test. Specifically, Defendant alleges that had trial counsel attacked the test, he would not have been found guilty of violating his probation. However, contrary to Defendant's assertions, trial counsel did challenge the admissibility and reliability of the Valtox test. The trial court ruled that the challenges were not meritorious.  (See August 28, 2000, Hearing, Transcript, attached). Therefore, Defendant has failed to show deficient conduct on the part of trial counsel. As such, no relief is warranted on ground 1 of Defendant's Motion.
>
> In ground 2, Defendant alleges that trial counsel was ineffective for failing to argue that the officer's exceeded the permissible scope of a legal stop and frisk. Specifically, Defendant alleges that the search and swabbing of the Defendant were done without sufficient probable cause to justify the search. However, this argument was also raised and denied by the trial court. Trial counsel attempted to argue that the officers impermissibly arrested the

> Defendant based only on the statement of the co-defendant. The police officers clearly indicated that they observed the Defendant in a high-drug area associating with the co-defendant immediately before the co-defendant sold crack to an undercover officer. (See August 28, 2000, Hearing Transcript, attached) . Based on the officer's testimony, the trial court denied trial counsel's argument regarding the officer's exceeding their authority. (See August 28, 2000, Hearing Transcript attached). Therefore, Defendant has failed to show deficient conduct on the part of trial counsel. As such, no relief is warranted on ground 2 of Defendant's Motion.

(Exhibit 7, Order Denying Emergency Motion for Postconviction Relief at pp. 3- 4).

Royal appealed.  On August 21, 2002, in Case No. 2D02-2889, the state district court of appeal per curiam affirmed the state trial court's order denying relief. (Exhibit 8). Royal v. State, 827 So. 2d 997 (Fla. 2d DCA 2002) [Table].  Royal then timely filed the present federal petition for writ of habeas corpus raising three grounds for relief.

## STANDARDS OF REVIEW

Because Royal filed his petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Penry v. Johnson, 532 U.S. 782, 792 (2001); Henderson v. Campbell, 353 F.3d 880, 889-90 (11th Cir. 2003); Maharaj v. Sec'y of Dept. of Corrections, 304 F.3d 1345, 1346 (11th Cir. 2002).  The AEDPA "establishes a more deferential standard of review of state habeas judgments," Fugate v. Head, 261 F.3d 1206, 1214 (11th Cir. 2001), in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002); see, Bell v. Cone, 2005 WL 123827 (U.S. Jan. 24, 2005) (habeas court's standard for evaluating state-court ruling is highly deferential, which demands that state-court decisions be given

benefit of the doubt)[citing 28 U.S.C.A. § 2254(d)]).  AEDPA is relevant to a review of this Petition.

Pursuant to AEDPA, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application, of clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); Price v. Vincent, 123 S.Ct. 1848, 1852-53 (2003); Clark v. Crosby, 335 F.3d 1303, 1308 (11th Cir. 2003); Harrell v. Butterworth, 251 F.3d 926, 930 (11th Cir. 2001).  "Clearly established Federal law" is the governing legal principle, not the dicta, set forth by the United States Supreme Court at the time the state court issues its decision. Lockyer v. Andrade, 538 U.S.63, 71-72 (2003).  Where no Supreme Court precedent is on point, or the precedent is ambiguous, it cannot be said that the state court's conclusion is contrary to clearly established governing federal law.  Mitchell v. Esparza, 124 S.Ct. 7, 10 (2003); Clark v. Crosby, 335 F.3d at 1308-10; Washington v. Crosby, 324 F.3d 1263, 1265 (11th Cir. 2003).

A state court decision is "contrary to" the Supreme Court's clearly established precedent within the meaning of § 2254(d)(1) only if the state court applies a rule that contradicts the governing law as set forth in Supreme Court case law, or if the state court confronts a set of facts that are materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent.  Mitchell v. Esparza, 124 S.Ct. at 10 (citing Williams v. Taylor, 529 U.S. 362,

405-06 (2000)).  See also Price v. Vincent, 123 S.Ct. at 1853; Lockyer v. Andrade, 538 U.S. at 75-77.  A state court does not have to cite the Supreme Court precedent, or even be aware of it, so long as neither its reasoning nor its result contradicts Supreme Court precedent.  Early v. Parker, 537 U.S. 3, 8 (2002); Mitchell v. Esparza, 124 S.Ct. at 10; Parker v. Secy of Dept. of Corrections, 331 F.3d 764, 775-76 (11th Cir. 2003).

A state court decision involves an unreasonable application of Supreme Court precedent if the state court identifies the correct governing legal rule from Supreme Court cases but unreasonably applies it to the facts of the particular inmate's case; or if the state court either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply; or unreasonably refuses to extend that principle to a new context where it should apply.  Bottoson v. Moore, 234 F.3d 526, 531 (11th Cir. 2000).  The "unreasonable application" inquiry requires the state court decision to be more than incorrect or erroneous; it must be objectively unreasonable.  Lockyer v. Andrade, 538 U.S. at 75-77; Williams, 529 U.S. at 409-10; Penry v. Johnson, 532 U.S. at 791-792; Woodford v. Visciotti 537 U.S. 19, 25 (2002); Mitchell v. Esparza, 124 S.Ct. at 11-12; Price v. Vincent, 123 S.Ct. at 1853.

Whether a state court's decision was unreasonable must be assessed in light of the record the court had before it. See Holland v. Jackson, 124 S.Ct. 2736, 2737-2738 (2004) (citing Yarborough v. Gentry, 540 U.S. 1 (2003)) (per curiam) (denying relief where state court's application of federal law was supported by the record); Miller-El v. Cockrell, 537 U.S. 322, 348 (2003) (reasonableness of state court's factual finding assessed "in light of the record before the court"); cf. Bell v. Cone, 535 U.S. at 697, n. 4  (declining to consider

evidence not presented to state court in determining whether its decision was contrary to federal law).

A factual finding by a state court is presumed to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); Henderson, 353 F.3d at 890-91. The statutory presumption of correctness applies only to findings of fact made by the state court, not to mixed determinations of law and fact. Parker v. Head, 244 F.3d 831, 836 (11th Cir. 2001).

A petitioner who "failed to develop" the factual basis for a claim while in state court as a result of the petitioner's lack of diligence is barred from doing so in federal court (subject to the very narrow exceptions set out in § 2254(e)(2)). Williams v. Taylor, 529 U.S. at 433-34.

**Ineffective Assistance of Counsel Claims**

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court established a two-part test for determining whether a convicted person is entitled to habeas relief on the ground that his or her counsel rendered ineffective assistance: 1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness"; and 2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 687-88; see also, Wiggins v. Smith, 123 S.Ct. 2527 (2003); Williams v. Taylor, 529 U.S. 362 (2000). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S.

at 690). This judicial scrutiny is "highly deferential." Id. at 477. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689-90; Bell v. Cone, 535 U.S. 685, 698 (2002). Because the ultimate resolution of the ineffective assistance of counsel claims are mixed questions of law and fact, Thompson v. Haley, 255 F.3d 1292, 1297 (11th Cir. 2001); Meeks v. Moore, 216 F.3d 951, 959 (11th Cir. 2000), the presumption of correctness contained in § 2254(e)(1) does not apply to this determination. Parker v. Head, 244 F.3d at 835-837. "[T]he Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims." Williams, 529 U.S. at 391.

## DISCUSSION

A review of the record demonstrates that, for the following reasons, Royal's petition must be **DENIED**.

## GROUND ONE

Royal alleges his trial counsel was ineffective for failing to challenge the reliability of the Field Reagent Test (Valtox test) performed with a swab on Royal's hand which gave a positive result for the presence of cocaine. The state trial court denied this claim, in light of the fact that Royal's counsel did challenge the admissibility of the swabs on the ground of relevancy in the revocation proceeding. Defense counsel stated:

> MR. TERRANA. First and foremost, this is a known drug area. This is an area that's been under investigation by these officers. It's important to the extent that it would cause me to move to exclude any mention or any

> introduction of any evidence relating to a swab of my defendant's hand based on 403[2] of the evidence code.
>
> This has nothing to do with whether or not -- the officers will testify they never saw my client in possession of cocaine. They never saw him hand cocaine to anyone. They never saw him touch cocaine. They never saw him in possession of cocaine.

(R 8-9).

The trial court denied defense counsel's motion. (R 10). While counsel did not specifically challenge the reliability of the Valtox test itself, Royal has failed to allege how the absence of such challenge prejudiced him. Although Royal argues the test sometimes gives false positive results, he has not shown that the test performed in his case was unreliable or that the evidence was subject to suppression. Moreover, the test results merely corroborated the officers, and co-defendant's eyewitness accounts. Accordingly, the state court's ruling did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Ground one does not warrant habeas corpus relief.

## GROUND TWO

Royal claims his attorney was ineffective for failing to challenge the fact that Officer Turner and Officer Buchanan exceeded the permissible scope of a legal stop and frisk. Specifically, Royal alleges that the search and swabbing of Royal's hands was done without sufficient probable cause to justify the search. Again, this claim was properly rejected by the state trial court on the basis that Royal's counsel argued during the revocation

---

[2] Rule 90.403 of the Florida Evidence Code provides in pertinent part that "[r]elevant [evidence] is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence."

-10-

proceeding that the officers were not justified in arresting Royal and taking a swab of his hands based on the accusation of the co-defendant alone. Royal's attorney had argued that Royal was arrested on the basis of the co-defendant's statements alone, and that the co-defendant had given inconsistent statements regarding Royal's role in the transaction. However, as the state trial court noted, it was stipulated at the revocation hearing that the police officers would testify that they observed Royal in a high-drug area associating with the co-defendant immediately before the co-defendant sold crack to an undercover officer. The judge who presided at the revocation hearing implicitly, if not expressly, concluded that under the totality of the circumstances, the officers had probable cause to arrest Royal for delivery of cocaine. The taking of a swab of Royal's hands to test for the presence of cocaine was therefore permissible and within the scope of the arrest. See, e.g., Curtis v. State, 748 So.2d 370 (Fla. 4th DCA 2000) (Police officer's belief that object visible in suspect's mouth was crack cocaine established probable cause to believe that crime was committed, and therefore officer's order to spit out object was valid search incident to arrest).

Therefore, the state trial court properly concluded defense counsel's conduct was not deficient under Strickland. Furthermore, Royal has failed to establish prejudice, because he has not shown that a motion to suppress the swab test results would have been successful.

Ground two does not warrant habeas corpus relief.

## GROUND THREE

Royal has presented legal argument rather than a substantive claim. He contends the state courts' decisions, although applying the correct legal precedent in denying his ineffective assistance of counsel claims, resulted in an unreasonable application of <u>Strickland</u> to the facts of Royal's case. Aside from the allegations he made pursuant to the two substantive grounds for relief, however, Royal fails to allege specifically how the state courts unreasonably applied <u>Strickland</u> to the facts of this case. Ground three is clearly part of Royal's argument that his claim survives the threshold requirements of 28 U.S.C. § 2254(d).

Ground three does not warrant habeas corpus relief.

Accordingly, the Court orders:

That Royal's petition for writ of habeas corpus is denied, with prejudice. The Clerk is directed to enter judgment against Royal and to close this case.

ORDERED in Tampa, Florida, on July 29, 2005.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
Pro se: Don Corbin Royal, Jr.